**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| MICHAEL CORNELIUS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:06-3215-MJP-BM |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF COLUMBIA, | ) | |
| COLUMBIA, SOUTH CAROLINA, | ) | |
| EMPLOYEES S. ALLISON | ) | |
| BAKER; KIM LAWRACY; | ) | **REPORT AND RECOMMENDATION** |
| GEORGE BROWN; JEROME | ) | |
| DICKERSON; HARRY JIVERS; | ) | |
| AND DAMON MCDUFFIE, | ) | |
| individually in their capacities as | ) | |
| employees of the City of Columbia, | ) | |
| for the State of South Carolina, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This action has been filed by the Plaintiff, pro se, asserting numerous claims against the named Defendants. The Defendants Baker, Lawracy, Brown, Dickerson, Jivers and McDuffie filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on December 18, 2006.

As the Plaintiff is proceeding pro se, a Roseboro order was entered by the Court on December 19, 2006, advising Plaintiff of the importance of a motion to dismiss and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the Defendants' motion may be granted. Plaintiff thereafter filed a memorandum in opposition to the Defendants' motion, with attached exhibits, on December 20, 2006, following which the Defendants filed a reply memorandum on December 28, 2006. Plaintiff thereafter filed

1



his own reply memorandum on January 3, 2007, following which Defendants filed a supplemental memorandum in support of their motion to dismiss on February 8, 2007. Defendants' motion is now before the Court for disposition.[1]

When considering a motion to dismiss pursuant to Rule 12(b), the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." Southmark Prime Plus L.P. v. Falzone, 776 F.Supp. 888, 890 (D.Del. 1991); (quoting Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir. 1991)). Additionally, the Federal Court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972). As the Plaintiff is proceeding pro se, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center, 536 F.Supp. 1065, 1072 (E.D.Pa. 1982), the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a Federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990).

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e) and (g), D.S.C. The individual Defendants have filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

2



**Discussion**

**I.**

These Defendants first assert that they have not been properly served with process in this case, and that they are therefore entitled to dismissal as party Defendants. Defendants argue that the Complaint was only served on the Defendant City of Columbia pursuant to Rule 4(j), Fed.R.Civ.P., which is not sufficient to invoke jurisdiction over the named individuals. A review of the file record in this case confirms that Plaintiff attempted service on each one of the individual Defendants through service of the summons and complaint on Ericka Salley, City Clerk, at City Hall in Columbia. See Court Document Nos. 20-25.

Rule 4(e), Fed.R.Civ.P., provides that service upon an individual from whom a waiver has not been obtained and filed (there is no evidence of waiver by any Defendant in this case) may be effected by personal delivery of a copy of the summons and complaint either to the individual or to an appropriate individual or agent, or pursuant to the law of the state in which the District Court is located. Pursuant to Rule 4(d)(1), S.C.R.Civ.P., service may be effected by personally delivering a copy of the summons and complaint to the individual, or by leaving copies with an appropriate individual or agent. Plaintiff argues that the City Clerk is an appropriate individual or agent to effect proper service on the individual Defendants, since all of the individual Defendants work for the City of Columbia.

While Defendants obviously contend that the City Clerk is not an appropriate agent for service on the individual Defendants, they are nevertheless not entitled to dismissal as party Defendants based on this argument. Rather, in light of Plaintiff's pro se status, defense counsel should advise the Court in response to this Report and Recommendation as to whether or not he is



authorized to accept service on behalf of these individual Defendants. If counsel advises the Court that he is not so authorized, then Plaintiff should be ordered to effect service on these Defendants through a process server at their personal residences.

## II.

Plaintiff has asserted claims in his Complaint under 42 U.S.C. § 1983, which is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. See Jennings v. Davis, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of their federally guaranteed rights and to provide relief to victims of such deterrence fails. See McKnight v. Rees, 88 F.3d 417 (6th Cir. 1996). However, these Defendants assert that Plaintiff's claims under § 1983 should be dismissed because they are not subject to suit under that Statute. The undersigned agrees.

As employees of the City of Columbia during the time period relevant to Plaintiff's claims, the individual Defendants are all generally subject to suit under § 1983 for damages in their individual capacities. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989); Hafer v. Melo, 112 S.Ct. 358, 365 (1991); Goodmon v. Rockefeller, 947 F.2d 1186 (4th Cir. 1991); Inmates v. Owens, 561 F.2d 560 (4th Cir. 1977). However, although the individual Defendants are subject to suit under § 1983, Plaintiff's Complaint fails to contain a viable claim against them based on that Statute, as it is readily apparent from a plain reading of Plaintiff's Complaint that his "discrimination" claim against the Defendants arises out of a claim of age discrimination under the



Age Discrimination in Employment Act (ADEA)², 29 U.S.C. § 621, and for alleged retaliatory actions taken against him by the Defendants as a result of his having filed an EEOC administrative complaint of age discrimination.     The ADEA is the exclusive remedy for claims of age discrimination, and therefore Plaintiff may not sue these Defendants individually under § 1983 for discriminatory conduct based on his age, or for retaliatory conduct based on his having filed an ADEA claim with the EEOC. See Zombro v. Baltimore City Police Department, 868 F.2d 1364, 1368 (4th Cir. 1989) [ADEA is exclusive remedy for age discrimination claims]; Jordan v. Bourcier, No. 4:03-3764, 2006 WL 783499, at *3 (D.S.C. March 24, 2006) ["[P]laintiff's claims under § 1983 for discrimination based upon age...are preempted and her exclusive remedies rest within...the ADEA"]. Plaintiff's allegations also fail to set forth a viable claim against the individual Defendants under 42 U.S.C. § 1981. See 42 U.S.C. § 1981; see also Ptasznik v. St. Joseph Hospital, 464 F.3d 691, 695, n. 4 (7th Cir. 2006) [§ 1981 protects against discrimination based on race and national origin].  Finally, the individual Defendants are also not subject to suit under the ADEA. Birkback v. Marvel Lighting Corp., 30 F.3d 507, 510 (4th Cir. 1994); Lissau v. Southern Food Service, Inc., 159 F.3d 177, 180 (4th Cir. 1998).  Therefore, the named individuals are entitled to dismissal as party Defendants under Plaintiff's discrimination claims.  Further, as the named individuals are entitled

---

²In his Complaint, Plaintiff references Title VII of the Civil Rights Act of 1964 as being the basis of his discrimination claims.  However, Title VII provides the statutory scheme for a Plaintiff to pursue claims of discrimination based on race, sex, or religion, not based on age.  Rather, age discrimination claims are pursued through the ADEA.  Taylor v. Brown, 928 F.Supp. 568, 573 (D.Md. 1995) ["The statutes plaintiff is attempting to utilize do not provide cognizable causes of action for age discrimination. Title VII is limited to discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Age is not an appropriate basis of discrimination under Title VII."] (citing Kremer v. Chemical Constr. Corp., 456 U.S. 461, 465 n. 4 (1982)).  Plaintiff's reference to the wrong statute, however, is not grounds for dismissal of his discrimination claims.  Giving the pro se Complaint the liberal construction to which it is entitled, the Court can consider his claims as having been brought under the ADEA. Cruz v. Beto, supra.



to dismissal as party Defendants, and the City of Columbia is also not subject to suit for these claims under either § 1981 or § 1983, Plaintiff's second, fifth, sixth and seventh causes of action, asserting claims under those statutes, must be dismissed.

### III.

Plaintiff also asserts several state law claims in his Complaint (counts 8 - 11). The named individual Defendants argue that these claims are untimely as the incidents set forth in the Complaint are alleged to have occurred more than two (2) years prior to the filing of the Complaint. See S.C.Code Ann. § 15-78-100(a) [establishing a two year statute of limitations for tort claims]. However, a review of the allegations of Plaintiff's Complaint confirms that many of his allegations with respect to the Defendants' conduct occurred within two years of the filing of the Complaint. Therefore, while *some* of the actions complained of in the Complaint occurred more than two years prior to the filing of the Complaint, since some of the *other* conduct alleged did occur within the requisite two year period, Plaintiff's state law claims are not subject to dismissal based on this argument.

However, even if Plaintiff's state tort claims are otherwise timely, these Defendants also assert that they are still entitled to dismissal as party Defendants on these claims because they are immune from individual liability under the South Carolina Tort Claims Act. Under that Act, individual employees acting within the scope of their official duties are not subject to suit individually unless the evidence establishes that they acted outside the scope of the Act's protections, such as with actual malice. See S.C.Code Ann. §§ 15-78-20(b), 15-78-60(5); see also Sanders v. Prince, 403 S.E.2d 640 (S.C. 1991); Gause v. Doe, 451 S.E.2d 408 (S.C.Ct.App. 1994); Flateau v. Harrelson, 584 S.E.2d 413, 417 (S.C.Ct.App. 2003) ["The statutory dialectic reveals that

6



a governmental employee acting within the scope of official duty is exempt from personal liability."].         Based simply on the allegations of the Complaint, which include a defamation claim (one element of which would be that the Defendants made false and defamatory statements concerning the Plaintiff), and considered under the standards of a Rule 12 motion to dismiss, the undersigned does not find that the individual Defendants are entitled to dismissal at this time under Plaintiff's state law causes of action.  No evidence has been presented to the Court for review, and the bare allegations of the Complaint are sufficient to at least set forth a claim against these Defendants.  Murray v. City of Milford, 380 F.2d 468, 470 (2d Cir. 1967) [in considering a motion to dismiss, any inference which may be reasonably drawn from the allegations of the Complaint must be considered, and the Court must resolve any doubt in the Plaintiff's favor]; Jenkins v. McKeithen, 395 U.S. 411, 421-422 (1969) [when considering a motion to dismiss, the Plaintiff's allegations are to be taken as true for purposes of ruling upon the motion].  After discovery has been completed, if these Defendants do not believe that sufficient evidence exists to subject them to individual liability under Plaintiff's state tort claims, they may at that time file a properly supported motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., setting forth the *evidence* which they believe supports their entitlement to dismissal as party Defendants.  They are not, however, entitled to dismissal on a motion under Rule 12.

## Conclusion

Based on the foregoing, it is recommended that these Defendants' motion to dismiss based on lack of proper service be **denied**. Defense counsel should, in response to this Report and Recommendation, advise the Court if they are authorized to accept service on behalf of these Defendants, and if counsel is not so authorized, Plaintiff should be directed to have these Defendants

7



personally served at their place of residence. These Defendants' motion to be dismissed as party Defendants under Plaintiff's state law causes of action should also be **denied** for the reasons stated.

However, these Defendants should be **dismissed** as party Defendants under Plaintiff's claims asserted under § 1983, 1981, and the ADEA. Further, since Plaintiff has failed to set forth any claim which is viable under either § 1981 or § 1983, Plaintiff's second, fifth, sixth and seventh causes of action should be **dismissed**, in toto.

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

March 6, 2007

8



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

9

