# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Michael Cornelius, | CIVIL ACTION NO.: 3:06-3215-MJP |
| Plaintiff, | |
| v. | O R D E R |
| City of Columbia, Columbia, South Carolina | |
| Employees S. Allison Baker, Jim Lawracy, George Brown, Jerome Dickerson, Harry Jivers and Damon McDuffie, individually in their capacities as employees of the City of Columbia, for the State of South Carolina | |
| Defendants. | |

This matter is before the Court pursuant to a Report and Recommendation submitted by United States Magistrate Judge Bristow Marchant, to whom it was referred for review under 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rules. This matter was filed by the Plaintiff Michael Cornelius ("Plaintiff"), *pro se*, against his employer City of Columbia and individual employees S. Allison Baker, Jim Lawracy, George Brown, Jerome Dickerson, Harry Jivers, and Damon McDuffie.

In his Complaint, filed on November 14, 2006, Plaintiff asserts claims under 42 U.S.C. §1981, 42 U.S.C. §1983, Title VII, the South Carolina Uniform Correction or Clarification of Defamation Act, the South Carolina Code of Laws Title 16 and South Carolina Code of Laws §15-3-530, alleging age discrimination and retaliatory actions taken against the Plaintiff by the Defendants as a result of his having filed an EEOC administrative complaint of age

discrimination. Individually named Defendants Baker, Lawracy, Brown, Dickerson, Jivers and McDuffie ("Defendants") deny that they are liable to Plaintiff and filed a motion to dismiss pursuant to Rule 12, Fed.R.Civ.P., on December 18, 2006.

This action has been brought by the Plaintiff *pro se*. This Court is required to construe such *pro se* pleadings liberally to allow for the development of a potentially meritorious claim. Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.E.2d. 652 (1972). *Pro se* Pleadings are held to a lower standard than those drafted by attorneys. Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978).

The applicable standard of review for this Court is clear. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Matthews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to those portions of the Recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). While the level of scrutiny entailed by the Court's review thus depends on whether or not objections have been filed, the Court is free, after review, to accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. Wood v. Schweiker, 537 F. Supp. 660, 661 (D.S.C. 1982). No objections to the Report and Recommendation have been filed.

After reviewing the entirety of this case, including the Report and Recommendation,

this Court approves the recommendations of the Magistrate Judge in part. First, the Magistrate Judge states that the Plaintiff's service of process on an inappropriate agent does not result in the dismissal of the claim in light of the Plaintiff's *pro se* status. Report and Recommendation, p. 3, March 6, 2007. This Court agrees, and therefore the individually named Defendants' motion to dismiss based on lack of proper service of process is hereby **denied**.

Second, the Magistrate Judge states that the Plaintiff's Complaint presents no viable claim under 42 U.S.C. §1983 or 42 U.S.C. §1981, since it is readily apparent from the Plaintiff's Complaint that his "discrimination" claims against the Defendants arise out of a claim of age discrimination under the ADEA and for alleged retaliatory actions taken against him by the Defendants as a result of his filing an EEOC administrative complaint for age discrimination. The Magistrate Judge notes that the ADEA is the exclusive remedy for claims of age discrimination, and therefore the Plaintiff may not sue these Defendants under §1983 or §1981. Report and Recommendation, pp. 4-5, March 6, 2007. This Court agrees, and therefore the individually named Defendant's motion to dismiss claims asserted under 42 U.S.C. §1983 and 42 U.S.C. §1981 is **granted**.

Third, the Magistrate Judge is of the view that the claims Plaintiff references under Title VII are also claims of discrimination based on age, which is not an appropriate basis of discrimination under Title VII; however; given the liberal construction to which a *pro se* Plaintiff is entitled, the Court can consider his claims as having been brought under the ADEA. Report and Recommendation, p. 5, footnote 2, March 6, 2007. However, the individually named Defendants would not be appropriate parties to this action since they do

not fit within the definition of "employer" under the ADEA. <u>Birkbeck v. Marvel Lighting Corporation</u>, 30 F.3d 507, 510-511 (4th Cir. 1994). Therefore, the individually named Defendants motion to dismiss Plaintiff's claims asserted under Title VII is **granted**.

Finally, it is the opinion of this Court that since all claims against the individually named Defendants over which this Court has original jurisdiction have been dismissed, any remaining state claims against these individually named Defendants are hereby **dismissed** pursuant to 28 U.S.C. §1367(c)(3).

In conclusion, all actions against the individually named Defendants Allison Baker, Jim Lawracy, George Brown, Jerome Dickerson, Harry Jivers and Damon McDuffie are hereby **dismissed without prejudice**. Further, since Plaintiff presents no viable claims under 42 U.S.C. §1983 or 42 U.S.C. §1981, the Plaintiff's only remaining actions against Defendant City of Columbia consist of an action under the ADEA and any pendent state causes of action.

**IT IS SO ORDERED**.

s/ Matthew J. Perry, Jr.
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

July 19, 2007