# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# COLUMBIA DIVISION

| | | |
|---|---|---|
| **Michael Cornelius,** | ) | Civil Action No. 3:06-3215-MJP |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **City of Columbia,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District Court of South Carolina. This recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See, Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Michael Cornelius ("Cornelius"), is a former employee of the Defendant, City of Columbia ("City"). Cornelius was hired as a buildings and grounds maintenance worker in the City's Parks and Recreation Department on June 5, 1995. On October 23, 1995, he was promoted to the position of Maintenance Repair Worker I. Allison Baker, Director of Parks and Recreation,

recommended Cornelius for promotion to Maintenance Repair Worker II in October 2001. Cornelius remained in this position until his termination from employment on February 14, 2007.[1]

During his employment with the City, Cornelius's skills as a maintenance worker were recognized by his supervisors and the City's administration. This recognition is demonstrated in Cornelius's promotions and merit pay increases through 2004. In the last years of his employment, however, Cornelius became increasingly resistant to supervision and his performance deteriorated. On November 18, 2005, Cornelius was issued a notice of substandard performance. As a result, he was placed on probation for a period of up to 90 days. In response to this evaluation and probation, on March 4, 2006, Cornelius filed a charge with the South Carolina Human Affairs Commission (SHAC) alleging that these actions were undeserved and in retaliation for a charge of age discrimination filed on January 7, 2004 and resolved by voluntary withdrawal on April 21, 2005. Following an investigation, the EEOC provided Cornelius a Notice of Right to Sue on April 24, 2006. This suit followed.[2]

Initially, Cornelius brought claims against not only the City, but co-workers and supervisors in their individual capacities. In an order filed July 19, 2007, this Court found that Cornelius had failed to state claims under § 1981 or § 1983 and failed to state Title VII claims against the individual defendants. In this order, all state claims against the individual defendants were dismissed without prejudice. Accordingly, the only claims remaining for review by the Magistrate Judge

---

[1] Cornelius was terminated from employment as the result of an investigation that found he had made false statements regarding an alleged on-the-job assault by his supervisor. His challenge to termination from employment is the subject of a separate action filed in this District. (3:08-cv-02508-MJP-PJG)

[2] Cornelius has filed charges of discrimination against the City alleging age discrimination in the issuance of a suspension and failure to promote (January 7, 2004), retaliation in failure to promote (March 4, 2005), retaliation in issuing an evaluation and notice of probation (March 4, 2006), retaliation based upon alleged discriminatory terms and conditions of employment (February 5, 2007) and retaliation based upon termination from employment (April 11, 2007). The only charge before the Court is the March 4, 2006 complaint regarding an evaluation and notice of probation.

related to alleged retaliation for the filing of an age discrimination charge on January 7, 2004 and any pendent state causes of action as to the City.

On May 5, 2008, the City filed a motion for summary judgment asserting legitimate, non-discriminatory reasons for Cornelius' evaluation and notice of probation, absence of an adverse employment action and absence of any causal connection between Cornelius' protected conduct and the challenged employment actions. In addition, the City asserted that Cornelius had failed to state claims under South Carolina law. Cornelius opposed the City's motion for summary judgment.

## REPORT AND RECOMMENDATION

On February 27, 2009, the Magistrate Judge entered a Report and Recommendation recommending that the City's motion for summary judgment be granted. (Docket number 129) In this Report and Recommendation, the Magistrate Judge found that the negative evaluation and probation period issued to Cornelius were not "adverse employment actions" under the law of this Circuit. The Magistrate Judge further found that the passage of more than 23 months between Cornelius' age discrimination charge of January 2004 and the evaluation/probation of November 2005 failed to establish a causal connection between the protected conduct and the challenged actions. The Magistrate Judge also found that Cornelius failed to refute legitimate non-discriminatory reasons advanced by the City for his evaluation and probation. Finally, the Magistrate Judge found that all state law claims against the City are barred by the state's Tort Claims Act and Workers' Compensation Act.

## OBJECTIONS

On March 30, 2009, Cornelius filed objections to the Magistrate's Report and Recommendation. These objections focus on promotion decisions in 2003 and 2005 that were the

3

subject of discrimination charges filed on January 7, 2004 and March 4, 2005, respectively. Cornelius withdrew both of these charges on April 21, 2005 and neither promotion decision is before the Court in this litigation.[3] Essentially, Cornelius claims that his challenges to promotion decisions caused him to be labeled a "troublemaker" and resulted in his negative evaluation and period of probation. In support of this objection, Cornelius offered affidavits from two former supervisors, both of whom had retired prior to the employment actions before the Court.

## STANDARD OF REVIEW

Summary judgment is appropriate when "the pleadings, depositions, answers to genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law". FRCP 56(c); See, Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The facts must be construed in a light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Nevertheless, there must be "sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted". Anderson, 477 U.S. at 249-250. A party "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another". Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1995). Therefore, "[m]ere unsupported speculation...is not enough to defeat a summary judgment motion". Ennis v. National Ass'n. of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995).

An employee's burden in responding to summary judgment in a Title VII context when the employer has offered legitimate reasons for the challenged employment decision is addressed in

---

[3] As a *pro se* litigant, this Court has afforded Cornelius broad latitude in asserting his claims. Accordingly, the Court has carefully examined the record and the arguments advanced by Cornelius despite the lack of specificity in his objections. It must be noted, however, that this proceeding does not revive withdrawn charges of discrimination or provide an opportunity for collateral attack on matters that have been resolved or litigated elsewhere.

Holland v. Washington Homes, Inc., 487 F.3d 208 (4th Cir. 2007). In Holland, an African-American former employee alleged that the employer discriminated against him and wrongfully terminated his employment because of his race and complaints of discrimination. The employer produced affidavits that the employee was fired because it was believed that he made threats toward a fellow employee. These affidavits required the employee "to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination". Holland at 214, quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 143 (2000).

In affirming summary judgment for the employer, the Fourth Circuit focused on whether the employee had proven by a preponderance of the evidence that the "decisionmaker's" affidavit was untrue or that retaliation was the true reason for his termination. Holland at 217. The Court emphasized that the issue on summary judgment is not whether someone along the line acted unfairly toward the employee, but did the decisionmaker honestly believe that the reported threats were made. Because the employee could not establish pretext on the part of the decision-maker, his claim under Title VII failed as a matter of law. Holland at 217, citing Azimi v. Jordan's Meats, Inc., 456 F.3d 228, 246 (1st Cir. 2006)("In assessing pretext, a court's focus must be on the perception of the decision-maker, that is, whether the employer believed its stated reason to be credible.").

In his objections to the Magistrate's Report and Recommendation, Cornelius did not refute the legitimate reasons supporting the challenged evaluation and notice of probation. Additionally, Cornelius did not satisfy the "adverse employment action" requirement for obtaining relief under the anti-retaliation provisions of the ADEA or demonstrate any recognizable loss for which relief is available. Finally, Cornelius state law claims do not support his request for compensatory damages.

Having carefully considered the record and the argument presented by both parties, it is clear that the recommendations of the Magistrate Judge are supported by material facts and controlling legal principles. Accordingly, the recommendations of the Magistrate Judge set forth in docket number 129 are hereby adopted and the City is entitled to summary judgment.

## LAW/ANALYSIS

To obtain relief based upon alleged retaliation under Title VII or the ADEA, a plaintiff must establish a *prima facie* case by demonstrating that: (1) he engaged in protected activity; (2) the employer took adverse employment action; and (3) a causal connection exists between the protected activity and the adverse action. Brockman v. Snow, 217 F. App'x 201, 206 (4th Cir. 2007)(citing McNairn v. Sullivan, 929 F.2d 974, 980 (4th Cir. 1991)); Causey v. Balog, 162 F.3d 795, 803 (4th Cir. 1998)(ADEA and Title VII). If the plaintiff establishes a *prima facie* case, the burden shifts to the defendant to produce evidence of a legitimate, non-discriminatory reason for the adverse action. If the defendant meets this burden, the plaintiff must show by a preponderance of the evidence that the proffered reason was pre-textual. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000). The Fourth Circuit has repeatedly granted summary judgment to employers where the plaintiff has failed to prove that the employers' reasons are pretextual and that discrimination is the real reason for the adverse actions. See, Hawkins v. PepsiCo, Inc., 203 F.3d 274, 279 (4th Cir. 2000); Smith v. First Union Nat. Bank, 202 F.3d 234, 249 (4th Cir. 2000).

**1. Cornelius' evaluation and period of probation are not "adverse employment actions".**

"An adverse employment action is a discriminatory act which adversely affects the terms, conditions, or benefits of the plaintiff's employment." James v. Booz-Allen & Hamilton, Inc., 368

F.3d 371, 375-76 (4th Cir. 2004). "A tangible employment action constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities or a decision causing a significant change in benefits." Burlington Indus., Inc. v. Ellerth, 524 U.S. 742 (1998). Here, Cornelius failed to establish that the evaluation and probation he received affected the terms, benefits or conditions of his employment. See, Lewis v. Forest Pharmaceuticals, Inc., 217 F.Supp.2d 638, 648 (D. Md. 2002) ("Reprimands, whether oral or written, do not per se significantly affect the terms or conditions of employment.") citing Nye v. Roberts, 159 F.Supp.2d 207, 213 (D. Md. 2001); Naughton v. Sears, Roebuck & Co., No. 02-4761, 2003 WL 360085 at *5 n. 1 (N.D. Ill. 2003)(criticism, including a negative performance review or development plan, does not constitute and adverse employment action).

In Toomer v. S.C. Bank & Trust, 2008 WL 725792 (D. S.C. 2008), the plaintiff's testimony regarding alleged employer hostility, disrespect and ostracism failed to demonstrate adverse employment actions. Following reasoning adopted in the Fourth, Seventh, Eighth and Ninth Circuits, Toomer held that an adverse employment action must be a "significant, tangible employment action" and must reflect a "materially adverse change" such as termination, demotion or decrease in wages or benefits. Applying this reasoning to the present facts, Cornelius' complaints regarding an evaluation, a brief period of probation, alleged unwarranted criticism and unfavorable job assignments do not constitute "adverse employment actions" protected by federal law. For these reasons, the City is entitled to summary judgment as a matter of law. See, Richardson v. Horry County, 2008 WL 906559 (D.S.C. 2008)(affirming summary judgment on a disparate treatment case because plaintiff's complaints regarding disciplinary warnings and reprimands are not "ultimate employment" actions protected by federal law).

**2.	Cornelius cannot establish a causal connection between protected conduct and the challenged employment actions.**

In the absence of direct support, Cornelius must present circumstantial evidence to refute the legitimate reasons offered for his evaluation and probation. This evidence is not available. This Circuit has held that the passage of more than a few months between the protected activity and the challenged conduct cannot provide the causal connection necessary to establish a *prima facie* case of retaliation. Pascual v. Lowe's Home Centers, Inc., 193 Fed. App'x. 229, 232 (4th Cir. 2006); See also, Parrott v. Cheney, 748 F.Supp. 312 (D. Md. 1989), aff'd *per curiam*, 914 F.2d 248 (4th Cir. 1990)(passage of five months between EEOC complaint and adverse action sufficient to negate causal connection in alleged retaliation)

The evaluation and notice of probation challenged by Cornelius were issued in November 2005, more than twenty-three (23) months after his age discrimination charge of January 2004. This lapse in time, particularly in light of the favorable evaluation and merit pay increase received by Cornelius during the interim, "negates any inference that a causal connection exists" between his charge of discrimination and the challenged negative evaluation and probation. Doe v. Total Action Against Poverty in Roanoke Valley, 145 F.3d 653, 657 (4th Cir. 1998)(eighteen month lapse); see also, Causey v. Balog, 162 F.3d 795, 803 (4th Cir. 1998)(thirteen month interval). Cornelius' failure to establish a causal link between an age discrimination charge filed in January 2004 and actions taken in November 2005 entitle the City to summary judgment.

**3.     The City established legitimate, non-discriminatory reasons for Cornelius' evaluation and notice of probation.**

During the period relevant to this litigation, Cornelius was under the supervision of two foremen. Both supervisors participated in the evaluation issued to Cornelius on November 18, 2005. Both supervisors specifically deny any retaliation and indicate that Cornelius was placed on probation in hope that his job performance would improve. Cornelius contested the evaluation, objecting that neither foreman had supervised him for a full year. Cornelius did not, however, challenge the evaluation or probation though the City's grievance process. Moreover, Cornelius was removed from probation at the end of the evaluation period without loss of pay.

Cornelius' federal claims in this action derive from the ADEA retaliation charge filed March 4, 2006 that challenged his November 2005 evaluation and probation. This charge alleged retaliation based upon an age discrimination charge filed in January 2004. Cornelius speculates that his evaluation, probation and alleged unfavorable treatment were based on a false reputation for being difficult. Cornelius asserts that during the evaluation period his supervisors "harassed" him by criticizing his work, watching him during breaks, following him to the restroom (on one occasion), and requiring him to return directly from errands. Cornelius further asserts that his foreman "threatened" him and told him he could be terminated for being a "trouble maker". The foreman denied making any "threat" and was cleared following an investigation by the Parks Superintendent.

In objecting to the Report and Recommendation, Cornelius offered the testimony of two former supervisors who left the Parks and Recreation Department in 2004, before the challenged November 2005 evaluation and probation. Cornelius also offered the testimony of a former co-

worker who never evaluated his performance and admitted that he did not talk to any of Cornelius' supervisors about the challenged evaluation because "it wasn't none of my business".

Neither Cornelius' perceptions nor the testimony of his former co-workers establish any basis to refute the legitimate grounds offered in support of his evaluation and probation. Rather, the 2003-2004 evaluation provided by a retired supervisor and Cornelius witness, contains the comment that: "[Cornelius] is a controversial employee and needs to focus on his work and not on the other situations that cause adversities. .." Another former supervisor offered by Cornelius testified that a joint evaluation is "fair" when more than one supervisor is assigned to an employee during an evaluation period.

Merely questioning the wisdom or correctness of a personnel action does not show that the proffered reason was false or unsupportable. The issue is not whether the challenged action "was wise, fair, or even correct, ultimately, so long as it truly was the reason for the [action]." See, Dugan v. Albemarle County School Bd., 293 F.3d 716, 722 (4th Cir. 2002). Federal courts "do not sit as a 'super-personnel department weighing the prudence of employment decisions' made by the defendants." Anderson v. Westinghouse Savannah River Co., 406 F.3d 248 (4th Cir. 2005), citing DeJarnette v. Corning, Inc., 133 F.3d 293, 299 (4th Cir. 1998); see also Rowe v. Marley Co., 233 F.3d 825, 831 (4th Cir. 2000) ("The decision to discharge [plaintiff] and retain [other employees] is the kind of business decision that we are reluctant to second-guess."); See also, Swanson v. General Servs. Admin, 110 F.3d 1180, 1186 (5th Cir. 1997) (holding that "[t]he pretext question is not a question whether [the plaintiff] 'considered himself' late, but whether [the employer] considered [the plaintiff] late when he decided to charge [the plaintiff] with annual leave for his tardiness"). For these reasons, where an employer uses established procedures and provides supporting written

10

documentation, second-guessing by the employee or others not involved in the decision making process cannot establish pretext. See, Thompson v. S.C. Department of Corrections, 2007 WL 1726530 (D. S.C. 2007).

There can be no doubt that the City considered Cornelius' evaluation and probation warranted. For example, the person responsible for Cornelius' promotion in 2001 and merit increase in 2004 concurred in both the evaluation and notice of probation. Additionally, Cornelius was removed from probation in 2006 without loss of pay. Cornelius' failure to refute the legitimate reasons offered for the challenged evaluation and probation entitle the City to summary judgment.

**4. Cornelius has not established a basis for relief under South Carolina law.**

A. Cornelius failed to state a recognizable claim.

Cornelius purports to assert four causes of action under South Carolina law. These are described as Violation of the South Carolina Uniform Correction or Clarification of Defamation Act by administering neutral personnel policies with the desire to defame for making complaints (Complaint, Count 8), Violation of South Carolina Code of Laws Title 16 by administering facially neutral personnel policies with a desire to alter documents for making complaints (Complaint, Count 9), Violation of South Carolina Code of Laws Title 16 by administering facially neutral personnel policies with a desire to falsify documents for making complaints (Complaint, Count 10), and Violation of South Carolina Code of Laws § 15-3-530 by desire to breach agreements for making complaints (Complaint, Count 11).

Cornelius has not established any statutory or common law private cause of action that supports his state law claims. For example, Title 16 of the South Carolina Code contains the list of crimes and offenses identified by the General Assembly, while Code Section 15-3-530 merely recites

the three-year statute of limitation applicable to certain causes of action. Cornelius' general reference to these provisions does not identify any statute that creates a private cause of action. When a statute does not specifically create a private cause of action, one can be implied only if the legislation was enacted for the "special benefit" of a private party. Doe v. Marion, 373 S.C. 390, 397, 645 S.E.2d 245, 248 (2007) citing Citizens of Lee County v. Lee County, 308 S.C. 23, 416 S.E.2d 641 (1992). Because crimes and periods of limitation are matters relating to the public at large, Cornelius has not established the necessary "special benefit" to obtain personal, individual relief under Title 16, or S.C. Code Ann. § 15-3-530.

  B. <u>Cornelius cannot recover against the City under state law for alleged "retaliation" or other intentional torts resulting in personal injury</u>.

Each of the purported state law claims relates directly to Cornelius' ADEA retaliation charge. Apart from activities protected under the state Human Affairs laws and federal Equal Employment Opportunity laws, there is no right under state common law or statute to "complain" about work-related issues. Instead, municipal employees may submit these concerns to a grievance committee of their peers. S.C. Code Ann. §§ 8-17-110 through 160. Prior to his termination, Cornelius did not exercise this procedure to address any concerns regarding his job assignments, evaluations, period of probation or other complaints.

To the extent that Cornelius seeks recovery for emotional distress, the South Carolina Workers' Compensation Act provides an exclusive remedy for job-related personal injuries. S.C. Code Ann § 42-1-310. Only intentional torts are outside the exclusivity provision of the Act. See, Edens v. Bellini, 359 S.C. 433, 597 S.E.2d 863 (S.C. App. 2004)(exception applied to intentional infliction of emotional distress). As a public employer, however, the City is immune from liability

arising from any alleged personal injury due to intentional conduct by employees who may have "desired" to cause Cornelius harm. S.C. Code Ann. § 15-78-60(17) (exception to waiver of immunity for employee conduct which constitutes an intent to harm). Accordingly, Cornelius failed to identify a cause of action under state law that would support a jury verdict in his favor.

## **ORDER**

For the reasons stated above and in the Report and Recommendation filed February 27, 2009, Defendant's motion for summary judgment, docket number 105, is granted.

AND IT IS SO ORDERED.

s/Matthew J. Perry, Jr.,
Matthew J. Perry, Jr.,
Senior United States District Judge

Columbia, South Carolina

September 29, 2009